UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| WILLARD PURVIS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. 2:17-cv-00290-WTL-MJD |
| RICHARD BROWN, WRIGHT Mr., FISCHER Sergeant, POPE Mr., PATRICK Mr., COUNTERMAN Mrs., GILMORE Mr., LITTLEJOHN Mr., LITTLEJOHN Mr., POPE Mr., SGT. PETTY Lieutenant, ZIMMERMAN Mrs., CARPENTER Mr., JOHN #1 DOE, JOHN #2 DOE, JOHN #3 DOE, JOHN #4 DOE, SUPERINTENDENT WABASH VALLEY CORRECTIONAL FACILITY, INDIANA DEPARTMENT OF CORRECTION, | ) | |
| Defendants. | ) | |

**Entry Screening Complaint, Severing Misjoined Claim, and Directing Further Proceedings**

Plaintiff Willard Purvis is a prisoner currently incarcerated at the Wabash Valley Correctional Facility. He brings this action against a number of defendants alleging that his civil rights have been violated in a number of ways.

**I. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies

the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Complaint

Purvis's complaint is based on actions that took place over the course of approximately two weeks at the Wabash Valley Correctional Facility.

Purvis alleges that on June 16, 2015, Officer Wright, Sergeant Fischer, Officer Patrick, Officer Pope, and Officer Counterman removed him from his cell to search it because he had recently filed a grievance against officers at Wabash Valley. He also states that one box of legal correspondence was removed from his cell and not returned to him. When he was returned to his cell, he tripped and Officer Wright yanked back on the lead-strap, injuring his shoulder and his ribs. Officer Wright told him that "Lt. Petty had his back" because Lt. Petty failed to notify Internal Affairs of this incident and to review and save the footage from the security camera. Later that day, these officers, with the exception of Lt. Petty, called him a "child molester" and other names and tried to encourage other inmates to assault him. Because of this, human waste was thrown on him.

On June 20, 2015, Sergeant Fischer searched his cell in retaliation for asking for a grievance form. Sergeant Fisher then sprayed chemical spray in Purvis's cell and used force

when he was removing Purvis from his cell. Before he was able to go to the shower, Sergeant Fischer and Officer Counterman ripped off his boxer shorts in view of other inmates and Officer Counterman made comments about his private parts, stating that is "why [he] had to rape kids."

After he was taken to the medical unit, Nurse Pope ignored his injuries. Sergeant Fischer took him into the hallway, pushed his head against the wall and stomped on his bare foot. This was done in view of Officer Counterman, Officer Wright, Officer Patrick, and Officer Pope.

When he was led back to his cell, Officer Fischer twisted his arm, injuring him. He was notified that he was on "strip cell" and was given nothing for over 30 hours. When his property was returned, he was missing toothpaste and a medical ointment used for an allergic reaction he was having to his jumpsuit.

On June 24, 2015, he was told he had to get dressed for a hearing in Sullivan County small claims court. He asked for a different jumpsuit or some clothing to put on underneath it because he was allergic to the material in the jumpsuit. Lt. Petty came to his cell and said that he refused to go to the hearing.

On numerous occasions, when he went to the Disciplinary Hearing Board, Officer Carpenter did not let him have a hearing.

On July 9, 2015, Officer Carpenter, Officer Zimmerman, and another officer came onto the range to search another prisoner. All three told other prisoners that Purvis was a snitch and a child molester. Other prisoners wrote letters to the Superintendent and the assistant superintendents. They also wrote letters to Doctor Sims and Doctor Gaffney. Doctor Gaffney wrote a letter to the Superintendent and the two Assistant Superintendents and to the Administrator of Mental Health detailing the retaliatory actions that officers were taking against Purvis.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

First, the claim that Officer Wright, Sergeant Fischer, Officer Patrick, Officer Pope, and Officer Counterman removed him from his cell to search it because he had recently filed a grievance against officers at Wabash Valley **shall proceed** as a claim that these officers retaliated against Purvis in violation of the First Amendment.

The claim that Officer Wright yanked back on the lead-strap, injuring Purvis's shoulder and his ribs **shall proceed** as a claim that Wright exercised excessive force against him in violation of the Eighth Amendment.

The claim that Officer Wright, Sergeant Fischer, Officer Patrick, Officer Pope, and Officer Counterman called him a child molester in front of other inmates **shall proceed** as a claim that these officers were deliberately indifferent to his safety in violation of the Eighth Amendment.

The claim that Sergeant Fischer searched his cell because he asked for a grievance form **shall proceed** as a claim that Sergeant Fischer retaliated against him in violation of the Eighth Amendment.

The claim that Sergeant Fischer used chemical spray and otherwise injured him when extracting him from his cell **shall proceed** as a claim that Sergeant Fischer exercised excessive force against him in violation of the Eighth Amendment.

The claim that Sergeant Fischer took him into the hallway, pushed his head against the wall and stomped on his bare foot in view of Officer Counterman, Officer Wright, Officer Patrick, and Officer Pope **shall proceed** as a claim that Sergeant Fischer exercised excessive

force against him and Officers Counterman, Wright, Patrick, and Pope failed to protect him from that force in violation of the Eighth Amendment.

The claim that Sergeant Fischer and Officer Counterman stripped him naked in front of other inmates, embarrassing him, **shall proceed** as a claim that these defendants violated his Eighth Amendment rights.

The claim that Officer Carpenter, Officer Zimmerman told other prisoners that he was a snitch and a child molester **shall proceed** as a claim that these defendants violated his Eighth Amendment rights.

Any claim that Lt. Perry refused to investigate the force used by Wright is **dismissed** because there is no right to particular investigation. *See Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996) (no right to a grievance process or a particular result).

Any claim based on his allegations that he was placed on "strip cell" and was given nothing for over 30 hours and that his medical ointment and toothpaste were taken must be **dismissed** because he does not identify the individuals responsible for these acts. *See Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation.").

Any claim based on Lt. Perry's alleged failure to allow him to attend a court hearing is **dismissed** because he does not identify any consequence from this alleged failure. *Cf. Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). ("only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction [or] sentence . . . has this right been denied").

Any claim based on the allegation that, when Purvis was in front of the Disciplinary Hearing Board, Officer Carpenter did not let him have a hearing must be **dismissed** because this allegation is not specific enough to invoke any due process right. Purvis does not identify whether any credit time was taken at these hearings. If credit time was taken, a claim challenging the hearings must proceed in a habeas case, not this civil rights case. *Edwards v. Balisok,* 520 U.S. 641 (1997).

Any claim against Superintendent Richard Brown, Mr. Gilmore, Mr. Littlejohn, and Mrs. Littlejohn, must be **dismissed**. Purvis alleges that letters were written to these individuals regarding the actions alleged in the complaint, but does not allege that these individuals personally participated in any of the actions. Mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc). Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]" to state a claim. *Estate of Miller by Chassie v. Marberry*, 847 F.3d 425, 4299 (7th Cir. 2017); *see Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.").

Any claim against John Doe defendants must be **dismissed** because "it is pointless to include anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

Any claim against the Wabash Valley Correctional Facility is **dismissed** because this entity is not a "person" subject to suit under 1983.

Finally, any claim against the Indiana Department of Correction must be **dismissed** because Eleventh Amendment immunity bars suits against states and their agencies. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 58 (1996).

This summary of remaining claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court he shall have **through December 29, 2017,** in which to identify those claims.

### V. Misjoined Claim

The claim that Nurse Pope failed to treat Purvis's injuries cannot proceed with the other claims in this action. In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals explained that "[u]nrelated claims against different defendants belong in different suits." Rule 18 of the *Federal Rules of Civil Procedure* allows joinder of multiple parties only when the allegations against them involve the same conduct or transaction and common questions of fact and law as to all defendants. Generally, if a district court finds that a plaintiff has misjoined parties, the court should sever those parties or claims, allowing those grievances to continue in spin-off actions, rather than dismiss them. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). This is the remedy that will be applied to the complaint. Therefore, the claim against Nurse Pope is **severed from the original complaint** and a new civil action from the Terre Haute Division shall be opened, consistent with the following:

a.  Willard Purvis shall be the plaintiff in the newly opened actions.

b.  The Nature of Suit in the newly opened action shall be 555.

c. The Cause of Action of the newly opened action shall be 42:1983pr.

d. The complaint in this action shall be filed and re-docketed as the complaint in the newly opened actions.

e. A copy of this Entry shall be docketed in the newly opened action.

f. This action and the newly-opened action shall be shown with each other as linked actions.

g. The defendant in the newly opened actions shall be Nurse Pope.

i. The assignment of judicial officers shall be by random draw.

### VI. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his or her current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### VII. Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Mr. Wright, Sergeant Fischer, Mr. Pope, Mr. Patrick, Mrs. Counterman, and Lieutenant Petty in the manner specified by Rule 4(d). Process shall consist of the complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry. All other defendants shall be **terminated**.

**IT IS SO ORDERED.**

Date: 12/13/17

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Willard Purvis
985637
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Electronic Service to the Following Employees at the Wabash Valley Correctional Facility:
Mr. Wright, Sergeant Fischer, Mr. Pope, Mr. Patrick, Mrs. Counterman, and Lieutenant Petty